UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NICOLE CANNIZZARO, ALEXANDER SCHVETS and
JONATHAN WILSON

                                        PLAINTIFFS,        **COMPLAINT**

                                                                      **18-CV-5778**

                         -AGAINST-

PUTNAM COUNTY SHERIFF'S DEPARTMENT,
DEPUTY SHERIFF THOMAS CURRAN, POLICE
OFFICER JOHN DOE 1 and POLICE OFFICER JOHN
DOE 2, individually, and in their capacity as members of
the Putnam County Sheriff's Department,

                                            DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiffs seeks relief for the violation of their rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about February 28, 2018, in which officers of the Putnam County Sheriff's Department, acting under color of state law, intentionally and willfully subjected Plaintiffs to *inter alia* false arrest and denial of right to a fair trial.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against Defendants and an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff Ms. Nicole Cannizzaro ("Ms. Cannizzaro") is a United States citizen and at all times here relevant resided at 7 Granite Ridge Road, Redding, CT 06896.

7. Plaintiff Mr. Alexander Schvets ("Mr. Schvets") is a United States citizen and at all times here relevant resided at 1 Larson Drive, Danbury, CT 06810.

8. Plaintiff Mr. Jonathan Wilson ("Mr. Wilson") is a United States citizen and at all times here relevant resided at 40 Steven Street, Danbury, CT 06810.

9. Putnam County Sheriff's Department is organized under the laws of the State of New York.

10. Deputy Sheriff Thomas Curran ("DS Curran"), Police Officer John Doe 1 ("PO John Doe 1") and Police Officer John Doe 2 ("PO John Doe 2") are sued in their individual and professional capacities.

11. At all times mentioned, Defendants were acting under color of state law under color of the statutes, ordinances, regulations, policies and customs and usages of the State of New York and County of Putnam.

## FACTUAL ALLEGATIONS

12. Ms. Cannizzaro is 27 years old and works as a produce manager with Chamomille Natural Foods in Danbury, Connecticut.

13. Mr. Schvets is 30 years old and works in construction with JR Construction.

14. Mr. Wilson is 33 years old and works for North East Structures in Danbury Connecticut.

15. Ms. Cannizzaro, Mr. Schvets and Mr. Wilson are all friends.

16. On or about February 28, 2018, Ms. Cannizzaro, Mr. Schvets, and Mr. Wilson were driving through Carmel, New York, on their way for a hike.

17. Ms. Cannizzaro, Mr. Schvets, and Mr. Wilson were travelling in a pick-up truck owned by Mr. Schvets.

18. Mr. Schvets was driving, Ms. Cannizzaro was seated in the front middle seat, and Mr. Wilson was seated in the front passenger seat.

19. As they drove along Belden Road in Carmel, an unmarked police car signaled for Mr. Schvets to pull over.

20. Mr. Schvets pulled the vehicle over to the side of the road.

21. DS Curran, PO John Doe 1, and PO John Doe 2 exited the unmarked police car and approached.

22. One of the officers told Mr. Schvets that his tail light was out and asked for his license and registration.

23. Mr. Schvets gave the officer his license and registration.

24. The officers then told Mr. Schvets to step out of the vehicle and Mr. Schvets did so.

25. One of the officers took Mr. Schvets to the rear of the vehicle and accused Mr. Schvets of being under the influence of alcohol or narcotics.

26. Mr. Schvets denied that he was under the influence of any alcohol or narcotics

27. Mr. Schvets informed the officer that he was in recovery and had been sober for one and half years.

28. Mr. Schvets offered to be breathalyzed, but the officers did not breathalyze him.

29. The officers then asked Ms. Cannizzaro and Mr. Wilson if they were also in recovery.

30. Ms. Cannizzaro and Mr. Wilson informed the officers that they were both in recovery as well.

31. The officers then instructed Ms. Cannizzaro and Mr. Wilson to exit the vehicle.

32. Ms. Cannizzaro and Mr. Wilson exited the vehicle.

33. One of the officers then removed a bag from the vehicle containing plastic plugs.

34. The plastic plugs had been used by Mr. Schvets on a construction job.

35. The officers separated Ms. Cannizzaro, Mr. Schvets, and Mr. Wilson.

36. The officers then accused each of Ms. Cannizzaro, Mr. Schvets, and Mr. Wilson of having a bag of ecstasy pills in the vehicle.

37. Each of Ms. Cannizzaro, Mr. Schvets, and Mr. Wilson were shocked and each denied possessing any ecstasy pills.

38. The officers did not show Ms. Cannizzaro, Mr. Schvets, or Mr. Wilson the plastic bag containing the plastic plugs.

39. Ms. Cannizzaro, Mr. Schvets, and Mr. Wilson were arrested by DS Curran, PO John Doe 1 and PO John Doe 2.

40. The officers handcuffed Ms. Cannizzaro, Mr. Schvets, and Mr. Wilson.

41. Ms. Cannizzaro, Mr. Schvets, and Mr. Wilson were taken to the Putnam County Sheriff's Department in Carmel.

42. While at the Putnam County Sheriff's Department, Mr. Wilson observed an officer counting the plastic plugs and touching them with a pen.

43. Ms. Cannizzaro, Mr. Schvets, and Mr. Wilson were held for approximately one hour before being released on bail.

44. Ms. Cannizzaro, Mr. Schvets, and Mr. Wilson were charged with criminal possession of a controlled substance in the seventh degree.

45. In the Criminal Court Complaints, DS Curran falsely stated that Ms. Cannizzaro, Mr. Schvets, and Mr. Wilson were in possession of a clear plastic bag containing thirteen round white pills identified as methylenedioxymethamphetamine.

46. The clear plastic bag contained plastic plugs.

47. The mug-shots of Ms. Cannizzaro, Mr. Schvets, and Mr. Wilson were published on the Putnam County Sheriff Department's website.

48. The mug-shots of Ms. Cannizzaro, Mr. Schvets, and Mr. Wilson were also published in various local newspapers and on various websites, including the Danbury Times, the Putnam Daily Voice, and WLAD's website.

49. As a result of the publication of these false charges, Mr. Wilson was terminated from his employment with an HVAC repair and installation company.

50. In addition, the publication of these false charges negatively affected Mr. Wilson's relationship with his parents, with his girlfriend, and with his friends. It also damaged his reputation within the 'recovery community'.

51. The publication of these false charges also negatively affected Ms. Cannizzaro's reputation with her friends and family, and within the 'recovery community'.

52. The publication of these false charges also negatively affected Mr. Schvets' reputation with her friends and family, and within the 'recovery community', and damaged his credibility in his role as a sponsor with Alcoholics Anonymous.

53. On or about March 27, 2018, Ms. Cannizzaro, Mr. Schvets, and Mr. Wilson had to attend court on the charges.

54. On or about April 24, 2018, Ms. Cannizzaro, Mr. Schvets, and Mr. Wilson had to attend court again, at which time all charges were dismissed.

55. Ms. Cannizzaro, Mr. Schvets, and Mr. Wilson continue to feel traumatized by the events of February 2018, and are wary and fearful when they see police officers.

56. Ms. Cannizzaro, Mr. Schvets, and Mr. Wilson suffered following the incident and feel fear, embarrassment, humiliation, emotional distress, trauma, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

57. Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

58. Defendants have deprived Plaintiffs of their civil, constitutional and statutory rights under color of law and are liable to Plaintiffs under 42 USC 1983.

59. Defendants have deprived Plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiffs were falsely arrested by Defendants.

60. Defendants unreasonably and unjustifiably confined Plaintiffs.

61. Plaintiffs were aware of, and did not consent to, their confinement.

62. The confinement was not privileged.

63. Plaintiffs have been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

64. Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

65. Defendants have deprived Plaintiffs of their civil, constitutional and statutory rights under color of law and are liable to Plaintiffs under 42 USC 1983.

66. Defendants have deprived Plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiffs were maliciously prosecuted by Defendants.

67. The malicious prosecution was initiated by Defendants without legal justification and without probable cause, in that Defendants caused the commencement and continuation of criminal proceedings against Plaintiffs, the proceedings terminated in favor of Plaintiffs, and in that the actions were commenced and continued intentionally and with malice and deliberate indifference to Plaintiffs' rights.

68. Plaintiffs have been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### THIRD CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

69. Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

70. Defendants have deprived Plaintiffs of their civil, constitutional and statutory rights under color of law and are liable to Plaintiffs under 42 USC 1983.

71. Defendants have deprived Plaintiffs of their right to a fair trial, pursuant to the Fourteenth and Sixth Amendments to the United States Constitution.

72. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiffs suffering a deprivation of liberty and a violation of their rights.

73. Plaintiffs have been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this

### JURY DEMAND

74. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs respectfully request that the court enter a Judgment against Defendants together with costs and disbursements as follows:

> In favor of Plaintiffs in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this court, for each of Plaintiffs' causes of action;

Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

Awarding Plaintiffs reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           June 26, 2018

                                    By:      /s/
                                          Malcolm Anderson (MA 4852)
                                          PetersonDelleCave LLP
                                          Attorney for Plaintiff
                                          233 Broadway, Suite 1800
                                          New York, NY 10279
                                          (212) 240-9075